## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL STEVEN MAY,**

    **Plaintiff,**

                                                                 **Civil Action 2:11-cv-0839**
    v.                                                **Magistrate Judge Elizabeth P. Deavers**

**DOUG McGRATH,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Strike Defendants' Affidavits and Deny Summary Judgment. (ECF No. 32.) Defendants filed their Memorandum in Opposition to Plaintiff's Motion on December 21, 2012. (ECF No. 40.) Plaintiff has not filed a Reply and the time for him to do so has expired. Also before the Court is Defendants' January 7, 2013 Motion for Leave to File Supplemental Memorandum in Opposition to Plaintiff's Motion, as well as Defendants' January 8, 2013 Motion to Amend Affidavits. (ECF Nos. 41 and 42.) Additionally, the Court considers Plaintiff's Motion for Leave to Plead Instanter. (ECF No. 35.)

For the reasons that follow, Defendants' Motion for Leave to File Supplemental Memorandum in Opposition to Plaintiff's Motion is **DENIED**. (ECF No. 41.) Plaintiff's Motion to Strike Defendants' Affidavits is **DENIED**. (ECF No. 32.) Defendants' Motion for Leave to Amend Affidavits is **GRANTED**. (ECF No. 42.) Defendants are **DIRECTED** to submit amended affidavits **WITHIN SEVEN DAYS OF THE DATE OF THIS ORDER**. Plaintiff's Motion for Leave to Plead Instanter is also **GRANTED**. (ECF No. 35.)

A.     **Defendants' Motion for Leave to File Supplemental Opposition**

Defendants seek leave to file a supplemental memorandum in opposition to Plaintiff's Motion to Strike.  (ECF No. 41.)  Although Defendants cite to Rule 15 of the Federal Rules of Civil Procedure to support their request, S.D. Ohio Civ. R. 7.2(a)(2) governs requests for leave to file supplemental memoranda.  S.D. Ohio Civ. R. 7.2(a)(2).  Pursuant to Local Rule 7.2(a)(2), "No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown."  *Id.*  Defendants have failed to demonstrate the existence of good cause to support their request to file a supplemental memorandum.  Defendants' Motion is, therefore, **DENIED**.

B.     **Plaintiff's Motion to Strike Defendants' Affidavits**

Plaintiff contends that two defects render the Affidavits of Doug McGrath and Brian West ineffective to support Defendants' Motion for Summary Judgment.  First, Plaintiff points out that the notary's seal contained within the Affidavits does not include the notary's name as Section 147.03 of the Ohio Revised Code requires.  (Pl's Mot. 1, ECF No. 32.)  Even if Ohio law controlled in this federal question case, which it does not, the Affidavits would nevertheless remain valid under Ohio's "substantial compliance" rule.  *Buckeye Lake Firebells v. Leindecker*, No. 2010-ca-100, 2011 WL 1416021, at *4 (Ohio Ct. App. Apr. 13, 2010).  More fundamentally, Plaintiff has offered no federal authority for the proposition that such a defect would render an Affidavit invalid to support a motion for summary judgment.

The Court finds equally unavailing Plaintiff's argument that the Affidavits are ineffective because Defendant Thomas Jenkins, who shares an interest in this case, notarized them.  (Pl.'s Mot. 2, ECF No. 40.)  Again, Plaintiff relies on Ohio authority to support his position, all of

which predates the 1940s. (*Id.*) The Court's independent review of federal law produced no authority for the proposition that affidavits are ineffective when an interested party notarizes them. Moreover, Rule 56(c)(4) of the Federal Rules of Civil Procedure, which sets forth the requirements for affidavits filed in support of motions for summary judgment, provides no indication that the validity of an affidavit depends on the individual who notarized it. Fed. R. Civ. P. 56(c)(4). Plaintiff's Motion to Strike is, therefore, **DENIED**.

C.   **Defendants' Motion for Leave to Amend Affidavits**

Defendants acknowledge that the Affidavits of McGrath and West do not comply with Section 147.04 of the Ohio Revised Code because the notary's seals contained within them do not include the notary's name. (Defs.' Op. 2-3, ECF No. 40.) Defendants disagree with Plaintiff's argument that the Affidavits are ineffective by virtue of Defendant Jenkins having notarized them. Defendants seek leave of Court to amend the Affidavits to correct this perceived defect, as well as to bring the Affidavits in compliance with Ohio law. (Def.'s Mot. 3, ECF No. 42.) Although the Court is not convinced that the perceived defects render the Affidavits ineffective, in an abundance of caution, to alleviate any concerns of impropriety associated with the Affidavits, Defendants' Motion is **GRANTED**. (ECF No. 42.) Defendants are **DIRECTED** to amend the Affidavits of McGrath and West to bring them in compliance with Ohio law and to have a disinterested person notarize them. Defendants are further **DIRECTED** to submit the amended affidavits to the Court **WITHIN SEVEN DAYS OF THE DATE OF THIS ORDER**.

**D.	Plaintiff's Motion for Leave to Plead Instanter**

Plaintiff's counsel requests permission to file Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment instanter.  For good cause shown, Plaintiff's Motion is **GRANTED**.  (ECF No. 35.)

**IT IS SO ORDERED**

Date: January 11, 2013	        /s/ *Elizabeth A. Preston Deavers*
	Elizabeth A. Preston Deavers
	United States Magistrate Judge